Marva **TALLERDAY**, Plaintiff–
Appellant,

v.

**CITY OF TUCSON; et al.,**
Defendants–Appellees.

No. 03–15327.

D.C. No. CV–01–00391–DCB.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

## MEMORANDUM**

Marva Tallerday appeals pro se the district court's summary judgment in favor of the City of Tucson in her employment discrimination action alleging violations of the Americans with Disabilities Act, ("ADA"), Title VII, 42 U.S.C. § 1983 and Arizona state laws. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment de novo, *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir.1994), and we affirm.

■ Summary judgment on Tallerday's discrimination and retaliation claims under the ADA was proper because she failed to raise a genuine issue of material fact as to whether she suffered an adverse employment action, or whether there was a causal link between her disability and the employment actions of which she complained. *See Sanders v. Arneson Products, Inc.*, 91 F.3d 1351, 1353 (9th Cir.1996).

■ The district court properly dismissed Tallerday's claim under Title VII for disability discrimination because she did not allege that she was a member of a protected class. *See* 42 U.S.C. § 2000e-2(a) (prohibiting employment discrimination on the basis of race, color, religion, sex, or national origin); *Vasquez v. County of Los Angeles*, 307 F.3d 884, 892 (9th Cir.2002).

■ Summary judgment was proper on Tallerday's section 1983 claim because she failed to raise a genuine issue as to whether restricting her ability to sew during work lulls, while she had a workers compensation claim pending for repetitive stress injury, violated her constitutional or federal statutory rights. Therefore, the City of Tucson is not subject to municipal liability under section 1983. *See* 42 U.S.C. § 1983; *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir.1994).

■ Summary judgment on Tallerday's claim for intentional infliction of emotional distress was proper because she failed to present any evidence of extreme or outrageous conduct. *See Ford v. Revlon*, 153 Ariz. 38, 734 P.2d 580, 585 (1987).

■ Summary judgment on Tallerday's claim for negligent infliction of emotional distress was proper because she failed to present any evidence that she was subject to an unreasonable risk of bodily harm created by defendant. *See Pierce v. Casas Adobes Baptist Church*, 162 Ariz. 269, 782 P.2d 1162, 1165 (1989).

■ Summary judgment on Tallerday's claim for injuries arising from the City's alleged negligence and negligent supervision was proper because Arizona's worker's compensation statutes provide the exclusive remedy for such claims. *See* Ariz. Rev.Stat. Ann. § 23–1022 (2003).

The district court properly dismissed Tallerday's claim that the City of Tucson violated "Arizona Discrimination Laws," because she failed to state which laws were violated or how.

■ The district court did not abuse its discretion by denying Tallerday leave to amend her complaint a second time because Tallerday filed the motion for leave five months after the deadline and did not show good cause for allowing late amendment. *See* Fed.R.Civ.P. 16(b); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607–08 (9th Cir.1992).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.